IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FUNAKI FALAHOLA, §<br>　#49850-177, §<br>　　　MOVANT, §<br>§<br>V. §<br>§<br>UNITED STATES OF AMERICA, §<br>　　　RESPONDENT. § | <br><br><br><br>CASE NO. 3:19-CV-5-B-BK<br>(CRIMINAL NO. 3:14-CR-266-B-28)<br><br> |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Funaki Falahola's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition. As detailed herein, the motion should be **DENIED**.

**I. BACKGROUND**

Falahola pled guilty to conspiring to possess with intent to distribute a controlled substance and was sentenced to 240 months' imprisonment. *United States v. Falahola*, No. 3:14-CR-266-B-28, Crim. Doc. 1644 (N.D. Tex. Nov. 17, 2016), *appeal dismissed*, No. 16-11697, Crim. Doc. 2193 (5th Cir. Jan. 30, 2018). Falahola timely filed this *pro se* Section 2255 motion alleging ineffective assistance of counsel at sentencing. Doc. 2 at 4-7; Doc. 2 at 14-18 (brief in support). The Government has filed a response opposing Section 2255 relief, Doc. 9, and Falahola has filed a reply, Doc. 10.[1]

---

[1] In his reply, Falahola abandons his claim that counsel failed to argue that he was at work on October 24, 2014 instead of dealing drugs. *See* Doc. 10 at 1.

Upon review, the Court finds that Falahola cannot show that counsel was ineffective. Thus, his Section 2255 motion fails on the merits.

**II. ANALYSIS**

To succeed on a claim of ineffective assistance of counsel, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Failure to establish either deficient performance or prejudice defeats the claim. *Id.* at 697. To prove the deficient-performance prong of the *Strickland* test, the movant must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment. *Id*. at 687. The proper measure of attorney performance is reasonableness under prevailing professional norms. *Id*. at 688. Moreover, to prove prejudice, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. In the sentencing context, to establish prejudice, the movant must demonstrate that his sentence was increased by the deficient performance of defense counsel. *Glover v. United States*, 531 U.S. 198, 200, 203-04 (2001).

**A. Failure to Object to Importation Enhancement**

Falahola asserts counsel rendered ineffective assistance in failing to object to the importation enhancement in the *Presentence Report* (PSR) under USSG § 2D1.1(b)(5). He argues that there was no basis for applying the importation enhancement because: (1) the PSR cited § 2D1.1(c)(5) not § 2D1.1(b)(5); (2) he was convicted of trafficking cocaine not methamphetamine; and (3) "count[s] 4, 5 and 8 [which involved conspiracies to distribute methamphetamine and cocaine] were dismissed," and "[c]ould [n]ot be counted in the specific characteristic offense." Doc. 2 at 14-16. Further, Falahola avers that "[c]ounsel advised [him] to

plead guilty to Count 9"—conspiracy to distribute cocaine not methamphetamine—and, consequently, that the Court should not have "rel[ied]] heavily on the contents of the Presentencing Report." Doc. 2 at 16. In his reply, he also faults the Government for belatedly relying on "relevant conduct to justify the drug amount." Doc. 10 at 3. Falahola's arguments are unavailing.

The Sentencing Guidelines provide for a two-level enhancement when the offense of conviction "involved the importation of amphetamine or methamphetamine." USSG § 2D1.1(b)(5). The PSR's cite to Section 2D1.1(c)(5) rather than Section 2D1.1(b)(5) was nothing more than a typographical error. Crim. Doc. 1467-1 at 21, PSR ¶ 74.

Moreover, while Falahola pled guilty to conspiracy to possess with intent to distribute cocaine in Count Nine, he admitted in the *Factual Resume* that he also distributed methamphetamine as part of the conspiracy. Crim. Doc. 1082 at 4-5; *see also* Crim. Doc. 1467-1 at 17, PSR ¶ 63. Thus the PSR and Addendum calculations properly held Falahola accountable for all relevant conduct, including the distribution of both cocaine and methamphetamine, and found the latter was imported as part of the conspiracy. *See* Crim. Doc. 1799 at 5-6 (*Sentencing Tr.*); Crim. Doc. 1467-1 at 8-20, PSR ¶ 9-65; Crim. Doc. 1551-1 at 5, PSR Addendum ¶ 65; United States v. Huerta, 182 F.3d 361, 364 (5th Cir. 1999) ("As a general rule, a PSR bears sufficient indicia of reliability, such that a sentencing judge may consider it as evidence in making the factual determinations required by the Sentencing Guidelines."); United States v. Godinez, 640 F. App'x 385, 386, 389 (5th Cir. 2016) (per curiam) (affirming importation enhancement where the defendant pled guilty to conspiracy to possess with intent to distribute heroin and at sentencing was held accountable for heroine and methamphetamine amounts); *see also* United States v. Foulks, 747 F.3d 914, 915 (5th Cir. Cir. 2014) (per curiam) (concluding

"distribution (or possession with intent to distribute) of imported methamphetamine, even without more, may subject a defendant to the § 2D1.1(b)(5) enhancement" (cited cases omitted); *United States v. Serfass*, 684 F.3d 548, 553 (5th Cir. 2012) (noting importation enhancement applies "even if the defendant did not know that the methamphetamine was imported").

On this record, Falahola qualified for the Section 2D1.1(b)(5) importation enhancement and any objection by counsel would have been futile. Counsel cannot be deemed ineffective for failing to make a meritless objection. *See United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000) (failure to raise a meritless objection is not ineffective assistance). Thus, Falahola's first claim fails.

### B. Failure to Object to Leadership Role Enhancement

Next, Falahola alleges counsel was ineffective for failing to object to the leadership enhancement under USSG § 3B1.1(a) because there were "only four individuals [in the conspiracy] in count 9, not five." Doc. 2 at 16. He also asserts that he "did not exercise decision making over [the four individuals] in the conspiracy nor did he recruit[] at least Four Participants or Assist other to Storage, Repackaging, and Distribution of Drugs." Doc. 2 at 15 (grammatical errors in original). Specifically, he contends that his role in the offense was at most managerial, which would have justified a lower enhancement under USSG § 3B1.1(b), rather than the four-levels added under § 3B1.1(a) for being an organizer/leader. Doc. 2 at 15; *see also* Doc. 10 at 4 (conceding that he "exercised some level of management responsibility over the drugs, property, assets or activities to award USSG 3B1.1(c) to his sentence").

Contrary to Falahola's argument, the PSR contained ample evidence from which it could be reasonably inferred that, as part of the entire conspiracy and not just the cocaine-trafficking conduct, he was a leader or organizer of at least five other participants. *See* USSG § 3B1.1(a)

(providing for a four-level increase if the defendant organized or led criminal activity that involved five or more participants or was otherwise extensive). It included findings that Falahola led and oversaw five or more participants in a wide-ranging drug-trafficking scheme to smuggle narcotics aboard commercial airline flights, transporting the drugs himself and through a family member and assuring that he had associates to transport and unload the drugs from the cargo area of planes at several airports throughout the United States. See Crim. Doc. 1467-1 at 9-19, PSR ¶¶ 19-22, 25-28, 44, 47, 63. Falahola also participated with at least four of his conspirators in providing protection services during major drug transactions. See Crim. Doc. 1082 at 2-3 (*Factual Resume*) (describing a drug transaction at which he and four of his coconspirators provided protection); Crim. Doc. 1467-1 at 10, PSR ¶ 23 (same). While he claims that the above transaction involved only four other individuals, not five, he presents no evidence to rebut the numerous *other* facts set forth in the PSR supporting his leader and organizer role. See Huerta, 182 F.3d 361, 364 ("A defendant's rebuttal evidence must demonstrate that the information contained in the PSR is 'materially untrue, inaccurate or unreliable,' and '[m]ere objections do not suffice as competent rebuttal evidence.'") (quoting United States v. Parker, 133 F.3d 322, 329 (5th Cir. 1998)).

      Moreover, as recounted at sentencing, the record undisputedly established that Falahola was the "father of the conspiracy" to smuggle drugs on commercial airplanes across the country; that is, it was his idea, he carried it out, and he personally participated in a drug delivery. Crim. Doc. 1799 at 14-16. At sentencing, the Court found Falahola's participation was "as serious as it gets," and highlighted that his "involvement … was at the upper level . . . [he] helped run things . . . helped plan things . . . [and] [p]eople looked to [him]." Crim. Doc. 1799 at 18; *see also* Crim. Doc. 1799 at 18 ("When I read your [PSR] . . . it goes on and on and on, the length of

time of your involvement and the level of your involvement and the valuable member you were of this huge organization doing high-level narcotics trafficking in our community, using our airports.").

The record reveals that the Court appropriately considered all relevant conduct and properly applied the four-level leadership enhancement. USSG Ch.3, Pt.B, intro. comment. (instructing the court to consider "all conduct within the scope of [USSG] § 1B1.3 (Relevant Conduct), i.e., all conduct included under § 1B1.3(a)(1)-(4), and not solely [the] elements and acts cited in the count of conviction."). Consequently, counsel was not ineffective for failing to object to the enhancement, and Falahola's second claim likewise fails.

### III. EVIDENTIARY HEARING

Falahola contends he is entitled to an evidentiary hearing to resolve his ineffective assistance claims. Doc. 2 at 19; Doc. 10 at 3-4. However, "[w]hen the files and records of a case make manifest the lack of merit of a Section 2255 [motion], the trial court is not required to hold an evidentiary hearing." *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981); *see also United States v. Reed*, 719 F.3d 369, 373-74 (5th Cir. 2013) ("A defendant is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" (quoting *United States v. Cavitt*, 550 F.3d 430, 442 (5th Cir. 2008))). Because Falahola's claims lack merit for reasons wholly supported by the record, as previously noted, no evidentiary hearing is required. *See United States v. McClinton*, 782 F. App'x 312, 314-15 (5th Cir. 2019) (per curiam) (affirming denial of evidentiary hearing where "contemporaneous evidence" at rearraignment conclusively negated movant's *post hoc* assertions).

## IV. CONCLUSION

Falahola's Section 2255 motion should be **DENIED**, and this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on May 5, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).