IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FUNAKI FALAHOLA, | § | |
| Movant, | § | |
| | § | |
| v. | § | CIVIL NO. 3:19-CV-0005-B-BK |
| | § | (CRIMINAL NO. 3:14-CR-266-B-28) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge filed findings, conclusions and a recommendation in this case. Movant filed objections, and the District Court has made a *de novo* review of those portions of the proposed Findings, Conclusions and Recommendation to which objection was made. The objections are overruled, and the Court **ACCEPTS** the Findings, Conclusions and Recommendation of the United States Magistrate Judge.

Movant's *Motion for Extension of Time to File a Reply to the Government's Response* is **DENIED** as baseless. Doc. 26. Movant asserts that he needs additional time to review the cases cited in the Government's response and conduct additional research. Doc. 26 at 2. However, Movant has had more than adequate time to review the Government's April 17, 2019 response and research the cases cited therein. Indeed, Movant timely filed his reply on May 2, 2019, and did not subsequently indicate that he needed additional time to "reply/respond to the Government" until his September 22, 2020 fifth motion for extension of time to file objections to the Findings, Conclusion and Recommendation. Doc. 22; *see also* Doc. 24 (reiterating request for extension of time to respond to the Government's response in October 8, 2020 letter).

IT IS THEREFORE ORDERED that the motion to vacate sentence under 28 U.S.C. § 2255

is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Court, and 28 U.S.C. § 2253(c), the Court **DENIES** a certificate of appealability. The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions and Recommendation filed in this case in support of its finding that the movant has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[1]

If movant files a notice of appeal, movant must pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

SO ORDERED this 21st day of October, 2020.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] Rule 11 of the Rules Governing § 2255 Proceedings reads as follows:
**(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
**(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability. These rules do not extend the time to appeal the original judgment of conviction.